IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STOREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-01310-RJD |
| | ) |
| CITY OF ALTON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**DALY, Magistrate Judge:**

Now before the Court is Plaintiff Michael Storey's Motion for Reconsideration (Doc. 52) of the Court order granting Defendant City of Alton's Motion for Summary Judgment (Doc. 50). Pursuant to the prior order, Counts I and II of Storey's complaint were dismissed with prejudice. Count III was dismissed without prejudice. Storey now asks the Court to reconsider the grant of summary judgment as to Counts I and II of his complaint. Although Storey did not cite a procedural basis for the instant filing, the Court will construe Storey's motion as a request to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Because Storey has not presented a "manifest error of law or fact," *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), the motion is denied.

In Count I of Storey's complaint (*see* second amended complaint at Doc. 23), he argues that the City of Alton violated his equal protection rights. Storey states that the City repeatedly rejected his plans to develop a mobile home park, but the City approved similar development plans submitted by other individuals. The record demonstrates that Storey most recently submitted plats to the City in August and September of 2013. After receiving these submissions, the City notified Storey that the plats contained numerous defects, but that Storey was free to

1

resubmit the plats after the defects were corrected. Storey declined to do so. Storey then initiated this lawsuit on November 30, 2015 – over two years after his most recent plat submission and City denial. Constitutional tort actions filed pursuant to 42 U.S.C. § 1983 in Illinois are subject to a two year statute of limitations. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Because this suit was filed over two years after the City rejected his most recent plat, the Court found the claim to be untimely.

Storey now asks the Court to reconsider the grant of summary judgment for the defendant as to Count I. Specifically, Storey argues that his claim is not untimely because although his last plat submission and denial occurred over two years before filing suit, the City continues to approve similar construction projects. Storey is correct in that under certain circumstances, a "continuing violation" or series of wrongful acts will extend the statute of limitations period. *Seer Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U, Will Cty., Ill*., 46 F.3d 682, 686 (7th Cir. 1995); *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006). However, Storey is not injured when the City approves someone else's project; Storey's alleged injuries are the result of the rejection of *his* plats. The City's rejections of his plats constitute separate, discrete, wrongful acts. The claims therefore accrued on the dates that the City rejected the plats. The continuing violation doctrine is inapplicable.

In Count II of the complaint, Storey argues that the City violated his equal protection rights by issuing him ordinance violation citations while declining to issue citations to other nearby properties that were also violating city ordinances. Storey's argument is essentially a rehashing his previously submitted arguments. As noted in the Court's prior order, law enforcement officials are entitled to a fair amount of discretion in their work. Generally, so long as an individual is not being harassed with baseless citations, the Constitution does not demand

evenhandedness in the enforcement of laws. *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000) (federal courts disinclined "[to] be drawn deep into the local enforcement of petty state and local laws").

Storey's motion for reconsideration is DENIED.

SO ORDERED.

DATED:  **April 24, 2017.**

*s/ Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**